

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2004

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Williams" (2004). *2004 Decisions.* Paper 927.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/927

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

02-4360
_____

UNITED STATES OF AMERICA

v.

ARTHUR WILLIAMS,
                              Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 00-361-3)
District Judge:  Hon. Stewart Dalzell

_____

Submitted Under Third Circuit LAR 34.1(a) (1993)
December 2, 2003

Before:  SLOVITER, ALITO and FRIEDMAN,[*] Circuit Judges

(Filed: March 19, 2004)

## OPINION OF THE COURT

FRIEDMAN, Circuit Judge.

This is an appeal by Arthur Williams from his conviction and sentence, entered on

his guilty pleas to two counts of armed bank robbery and two counts of brandishing a

firearm during a crime of violence.  His appellate counsel has filed a so-called Anders

brief, in which she concluded that there are no non-frivolous issues on appeal.  We agree,

_____

[*] Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

1

and therefore affirm the conviction and sentence and also grant her motion to withdraw as appellate counsel.

## I

Williams and three others were indicted in the United States District Court for the Eastern District of Pennsylvania on two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The indictment related to two bank robberies in the city of Philadelphia.

Three days before the scheduled trial date and at the opening of a hearing on defense motions, Williams announced that he wished to plead guilty. The plea was a so-called "open" one, i.e., without prior negotiation with the government. Williams was represented by counsel at the plea and subsequent sentencing hearings.

Before accepting the plea, the district court conducted the allocution required by Federal Rule of Criminal Procedure 11. After questioning Williams at length, the court found that the guilty plea was voluntary, that it had "an ample factual basis," that Williams understood "the charges, his legal rights, the maximum possible penalties, as well as the mandatory minimum penalties" and that he also understood "he waive[d] his right to a trial when [the court] accept[ed] his Plea." At a subsequent sentencing hearing, at which the same lawyer represented him, Williams was sentenced to 447 months imprisonment.

Subsequently Williams, acting pro se, filed a petition under 28 U.S.C. § 2255 challenging his sentence on four grounds, including ineffective assistance of counsel.

2

New counsel was appointed, and after an evidentiary hearing the district court (the same judge who had conducted the prior proceedings) rejected Williams' challenges to his sentence. The court found, however, that Williams had instructed counsel to appeal (which counsel had not done), and granted § 2255 relief to the extent of providing a further appeal period.

The same counsel who had represented Williams in the § 2255 proceedings was appointed to represent him on his appeal. As indicated, she filed an <u>Anders</u> brief in which she stated that "after a conscientious examination of the record, [she could] find no non-frivolous issues for appeal."

II

In <u>Anders v. California</u>, the Supreme Court stated that an appellate counsel who "finds his case to be wholly frivolous, after a conscientious examination of it, . . . should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967). Appellate counsel in this case carefully followed those requirements in the <u>Anders</u> brief she submitted. The brief discussed the effect of a guilty plea and the standards governing the validity of such a plea. The brief cited the transcript of the plea hearing showing that the district court had complied with the requirements of Rule 11. Finally, the brief considered various aspects of "the legality of the sentence." The brief showed that appellate counsel searched the record for possible grounds for appeal, and convincingly explained why counsel had been unable to find any "non-frivolous issues for appeal."

Anders further stated that upon the filing of the Anders brief, "the court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Id. We have examined the record and considered possible grounds for appeal and have concluded that this appeal is wholly frivolous.

Finally, Anders requires that "[a] copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses." Id. In response to the Anders brief, Williams filed documents in which he made another argument in support of his claim of ineffective assistance of counsel. He stated that his prior counsel had told him that he faced a maximum sentence of life imprisonment if convicted on the gun brandishing charge; that concern about such a sentence was a significant factor in inducing him to plead guilty; and that his attorney's legal advice was incorrect because under the pertinent statute he could not have been sentenced to life imprisonment.

Section 924(c) of Title 18, under which the gun-brandishing charge to which he pleaded guilty was laid, provides for various sentences depending upon the type of weapon involved, the way in which it was used, and whether the defendant had a prior conviction under the provision. The minimum sentences range from 5 years imprisonment to life imprisonment, and the maximum sentence is life imprisonment, regardless of what subsection the defendant is sentenced under. United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000). Williams contends that under these provisions the particular gun brandishing offense for which he was convicted could not have resulted in a life imprisonment sentence.

4

On the record before us, we cannot say that if Williams had been tried and convicted on the gun brandishing charge, he would not have faced life imprisonment. He was not denied effective assistance of counsel by his lawyer's advice that he faced such a sentence if he went to trial.

Accordingly, we affirm Williams' conviction and sentence under his guilty plea, and will grant counsel's motion to withdraw as appellate counsel.